**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------

**HEIDI JOHNSON, BRYAN ROSENBLITHE**                    **10-CV-4712 (NRB)**
**AMY GARSON, and SREBRINA BALOVA, on**
**behalf of themselves and all others similarly situated,**

                          Plaintiffs,

              -against-

**TERRANCE BRENNAN, ARTISANAL**
**FROMAGERIE & BISTRO, LLC, and**
**ARTISANAL GROUP, LLC,**

                          **Defendants.**
--------------------------------------------------------------------

## DEFENDANTS' ANSWER

Defendants Terrance Brennan, Artisanal Fromagerie & Bistro, LLC, and Artisanal Group, LLC (collectively, the "Defendants"), by and through their undersigned attorneys, Fox Rothschild LLP, hereby file their Answer to the Class Action Complaint ("Complaint") filed by Plaintiffs Heidi Johnson, Bryan Rosenblithe, Amy Garson, and Srebrina Balova (collectively, the "Plaintiffs"):

## NATURE OF THE ACTION

1.      Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring an action for the claims alleged therein.

2.      Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of Plaintiffs' Complaint, except to admit that defendant Brennan has set the record for the "World's Largest Fondue" at approximately 2,100 pounds.

3.    Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring an action alleging that Defendants unlawfully misappropriated tips earned by servers and other food service workers.

4.    Defendants deny the allegations contained in the second Paragraph "3" of Plaintiffs' Complaint.[1]

5.    Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

6.    Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

7.    Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring a collective action under the federal Fair Labor Standards Act ("FLSA").

8.    Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 under the New York Labor Law ("NYLL") and corresponding New York State Department of Labor ("NYSDOL") regulations.

## THE PARTIES

9.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of Plaintiffs' Complaint, except to admit that Plaintiff Johnson is an adult individual.

10.    Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

---

[1] Defendants note that Plaintiffs mistakenly labeled two consecutive paragraphs as paragraph "3."

2

NY1 468417v2 07/12/10

11.    Paragraph 10 is a conclusion of law to which no responsive pleading is required.

12.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of Plaintiffs' Complaint, except to admit that Plaintiff Rosenblithe is an adult individual.

13.    Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

14.    Paragraph 13 is a conclusion of law to which no responsive pleading is required.

15.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of Plaintiffs' Complaint, except to admit that Plaintiff Garson is an adult individual.

16.    Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

17.    Paragraph 16 is a conclusion of law to which no responsive pleading is required.

18.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of Plaintiffs' Complaint, except to admit that Plaintiff Balova is an adult individual.

19.    Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

20.    Paragraph 18 is a conclusion of law to which no responsive pleading is required.

21.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to attach to the Complaint written consent forms from each of the Plaintiffs.

3

22.   Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

23.   Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint, except to state that the issue as to which Defendants, if any, are "covered employers" under the FLSA and NYLL is a conclusion of law to which no responsive pleading is required, and to admit that defendant Artisanal Fromagerie & Bistro, LLC employed Plaintiffs at one time.

24.   Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

25.   Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

26.   Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

27.   Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

28.   Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

29.   Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

30.   Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

31.   Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint, except to state that the issue as to whether Defendant Brennan is a "covered

4

employer" under the FLSA and NYLL is a conclusion of law to which no responsive pleading is required.

32. Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

33. Defendants admit the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

34. Defendants admit the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

35. Defendants admit the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

37. Defendants admit the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

40. Paragraph 39 is a conclusion of law to which no responsive pleading is required.

41. Paragraph 40 is a conclusion of law to which no responsive pleading is required.

5

42.   Paragraph 41 is a conclusion of law to which no responsive pleading is required.

43.   Paragraph 42 is a conclusion of law to which no responsive pleading is required.

44.   Paragraph 43 is a conclusion of law to which no responsive pleading is required.

45.   Paragraph 44 is a conclusion of law to which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

46.   Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring a class action under FRCP 23.

47.   Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring a class action under FRCP 23.

48.   Paragraph 47 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

49.   Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

50.   Paragraph 49 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

51.   Paragraph 50 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

52.   Paragraph 51 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

53.   Paragraph 52 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

54.   Paragraph 53 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

55.   Paragraph 54 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

## COLLECTIVE ACTION ALLEGATIONS

56.   Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint, except to admit that Plaintiffs purport to bring a collective action under the FLSA.

57.   Paragraph 56 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

58.   Defendants admit the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

59.   Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

60.   Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

7

61. Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

## PLAINTIFFS' FACTUAL ALLEGATIONS

65. Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

72. Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not compensate Plaintiff Johnson for the laundering expenses associated with any of the clothes she wore during work hours.

73. Paragraph 72 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

74. Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

75. Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

78. Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

79. Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

80. Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not compensate Plaintiff Rosenblithe for the laundering expenses associated with any of the clothes he wore during work hours.

9

81.     Paragraph 80 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

82.     Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

83.     Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

84.     Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

85.     Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

86.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

87.     Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

88.     Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not compensate Plaintiff Garson for the laundering expenses associated with any of the clothes she wore during work hours.

89.     Paragraph 88 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

10

90. Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

91. Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

92. Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

93. Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

94. Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

96. Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not compensate Plaintiff Balova for the laundering expenses associated with any of the clothes she wore during work hours.

97. Paragraph 96 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

## **FIRST CAUSE OF ACTION**

98. Defendants reassert and reaver all prior responses in Paragraphs 1 through 97 of this Answer.

11

99. Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

100. Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

101. Paragraph 100 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

102. Paragraph 101 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

103. Paragraph 102 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

104. Paragraph 103 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

105. Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

106. Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

107. Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not

compensate Plaintiffs for the laundering expenses associated with any of the clothes they wore during work hours.

108. Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

109. Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

110. Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

111. Defendants reassert and reaver all prior responses in Paragraphs 1 through 110 of this Answer.

112. Paragraph 111 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

113. Paragraph 112 is a conclusion of law to which no responsive pleading is required and, to the extent a response is required, Defendants deny the allegations contained therein.

114. Paragraph 113 is a conclusion of law to which no responsive pleading is required.

115. Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

116. Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

NY1 468417v2 07/12/10

117. Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

118. Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

119. Defendants reassert and reaver all prior responses in Paragraphs 1 through 118 of this Answer.

120. Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

121. Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

122. Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

123. Defendants reassert and reaver all prior responses in Paragraphs 1 through 122 of this Answer.

124. Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

125. Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

126. Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Complaint, except to admit that Defendant Artisanal Fromagerie & Bistro LLC did not

14

compensate Plaintiffs for the laundering expenses associated with any of the clothes they wore during work hours.

127. Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

In response to the Paragraphs under "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief requested, or any relief at all.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent that Plaintiffs have or had unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

15

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and have had reasonable grounds for believing that its pay practices complied with federal and state law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with

16

reasonable grounds for believing such actions were not in violation of federal or New York law.

## TWELFTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or NYLL.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207 and New York Labor Law.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b) and New York Labor Law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs to the extent the Department of Labor has already investigated and issued a determination or otherwise resolved any prior claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for compensation, in whole or in part, are for non-working time.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19

Plaintiffs claim for laundering expenses under the New York State Minimum Wage Order for the Restaurant Industry ("Order") fails because Plaintiffs were not required to wear "uniforms" as defined in the Order.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants are not Plaintiffs' "employer" as that term is defined under the FLSA and/or NYLL.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims do not meet the requirements to be sustained as a collective action under the FLSA or a class action pursuant to FRCP 23 under the NYLL.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fair, in whole or in part, because Artisanal's maitre d's and fromagers lawfully participated in Artisanal's tip pool.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims fair, in whole or in part, because Plaintiffs are exempt from the "spread-of-hours" requirements under the Order.

WHEREFORE, Defendants pray for judgment as follows:

A.      That Plaintiffs take nothing by the Complaint;

B.      That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C.      For such other relief as this Court may deem just and proper.

20

Dated:   New York, New York
         July 12, 2010

FOX ROTHSCHILD LLP
*Attorneys for Defendants*

By:   Carolyn D. Richmond
      Seth M. Kaplan
      100 Park Avenue, Suite 1500
      New York, New York 10017
      (212) 878-7900