**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI JOHNSON, BRYAN ROSENBLITHE, AMY GARSON, and SREBRINA BALOVA, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>  -against-<br><br>TERRANCE BRENNAN, ARTISANAL FROMAGERIE & BISTRO, LLC, and ARTISANAL GROUP, LLC,<br><br>           Defendants. | 10-CV-4712 (CM) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PERMIT DISTRIBUTION OF FUNDS AND CY PRES DESIGNATION**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

I.      FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 1

         A.      Litigation and Settlement ................................................................................. 1

         B.      Mission and Work of the CDP .......................................................................... 2

II.      ARGUMENT .................................................................................................................... 3

         A.      The Remaining Funds Should Be Distributed under the *Cy Pres* Doctrine .......... 3

         B.      The Urban Justice Center's Community Development Project Is an Appropriate Designee under the Cy Pres Doctrine ...................................................... 3

         C.      Plaintiffs' Selection of the *Cy Pres* Designee Is Entitled to Deference .................. 4

CONCLUSION ......................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Copantitla v. Fiskardo Estiatorio, Inc.*,
    788 F. Supp. 2d 253 (S.D.N.Y. 2011)..................................................................................2

*Fears v. Wilhelmina Model Agency, Inc.*,
    02 Civ. 4911, 2005 WL 1041134 (S.D.N.Y. May 5, 2005).........................................3

*In re Holocaust Victims Assets Litig.*,
    424 F.3d 132 (2d Cir. 2005)..................................................................................3

*Khait v. Whirlpool Corp.*,
    No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010)................................5

*Lin v. Hayashi Ya II, Inc.*,
    No. 08 Civ. 6071, 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009)..................................2

*Nachsin v. AOL, LLC*,
    663 F.3d 1034 (9th Cir. 2011) ..........................................................................4

*Padilla v. Manlapaz*,
    643 F. Supp. 2d 302 (E.D.N.Y. 2009) ................................................................2

*Plotz v. NYAT Maint. Corp.*,
    No. 98 Civ. 8860, 2006 WL 298427 (S.D.N.Y. Feb. 6, 2006) ..........................3, 4, 5

*In re Publ'n Paper Antitrust Litig.*,
    Nos. 04 MD 1631 Civ. 1267 ..............................................................................4

*Reyes v. Buddha-Bar NYC*,
    No. 08 Civ. 2494, 2010 WL 2545859 (S.D.N.Y. June 18, 2010).........................3, 5

*Schwab v. Philip Morris USA, Inc.*,
    04 Civ. 1945, 2005 WL 3032556 (E.D.N.Y. Nov. 14, 2005)......................................3

*Stefaniak v. HSBC Bank USA, N.A.*,
    No. 05 Civ. 720, 2011 WL 7051093 (W.D.N.Y. Dec. 15, 2011) .........................3, 5

**INTRODUCTION**

Plaintiffs respectfully submit this memorandum of law in support of their Motion to Permit Distribution of Funds and *Cy Pres* Designation. Class Counsel respectfully requests that the Court approve distribution of the remaining portion of the fund to the Urban Justice Center's Community Development Project ("CDP"), as the *cy pres* designee. The CDP is an appropriate designee under the *cy pres* doctrine because its work on behalf of low-wage workers is closely related to the underlying objectives of this lawsuit. Because the CDP is a legitimate and appropriate recipient of the *cy pres* award in this case, Plaintiffs' selection of it as the *cy pres* designee should be entitled to deference.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

       **A.      Litigation and Settlement**

Plaintiffs Heidi Johnson, Bryan Rosenblithe, Amy Garson, and Srebrina Balova, individually, and on behalf of others similarly situated, commenced this action against Defendants Terrance Brennan, Artisanal Fromagerie & Bistro, LLC, and Artisanal Group, LLC on June 17, 2010, alleging violations of the Fair Labor Standards Act and New York Labor Law. ECF No. 1. The Court granted final approval of the $440,000 settlement of this class action wage and hour lawsuit on September 16, 2011. ECF No. 70. After the settlement administrator distributed the settlement fund to the class members, a balance of $7,541.48 remains in the settlement fund. Decl. of Justin M. Swartz in Supp. of Mot. for Cy Pres Designation ("Swartz Decl.") ¶ 4.[1]

Section 3.1(D) of the Court-approved settlement agreement provides that any unclaimed funds shall be redistributed amongst the Class Members in pro rata payments, or, in the event

---

[1] Unless otherwise indicated, all exhibits are attached to the Swartz Decl.

that there is less money in the account than Class Counsel deems practicable to distribute, the money will be donated to a court-approved *cy pres* designee under the *cy pres* doctrine.  Ex. A § 3.1(D).

        **B.**      **Mission and Work of the CDP**

The CDP works in tandem with other community organizations to support and protect the rights of low-income individuals and other disadvantaged communities.  The CDP advances and protects the rights of workers through litigation, legislative advocacy, and community education.  CDP frequently represents restaurant workers in cases alleging violations of wage and hour laws.  Swartz Decl. ¶ 7; Ex. C; Ex. D.  Representative cases include *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) (granting restaurant workers summary judgment on minimum wage, overtime, and tip misappropriation claims); *Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) (granting summary judgment for restaurant employee denied minimum wage and overtime pay, and denied any wages at all for approximately eight months); and *Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted*, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) (awarding judgment to restaurant delivery workers and other restaurant workers for wage and overtime violations).  Swartz Decl. ¶ 7.  The CDP also engages in legislative advocacy to advance workers' rights.  In 2012, the CDP successfully opposed amendments to the New York Labor Law that would have given amnesty to employers who unlawfully retained some or all of their employees' gratuities in connection with banquet service charges or fixed gratuities.  Swartz Decl. ¶ 8.  In cooperation with other workers' rights organizations, the CDP successfully advocated for the passage of the New York Domestic Workers' Bill of Rights.  Swartz Decl. ¶ 9; Ex. E; Ex. F.  The CDP was also part of a coalition of workers' rights organizations that pushed for the passage of the New York

Wage Theft Prevention Act, which increased penalties for employers who violate state wage and hour laws.  Swartz Decl. ¶ 10; Ex. G.

## II. ARGUMENT

### A. The Remaining Funds Should Be Distributed under the *Cy Pres* Doctrine

The Court has broad discretion and equitable powers to permit the use of *cy pres* principles.  *Plotz v. NYAT Maint. Corp.*, No. 98 Civ. 8860, 2006 WL 298427, at *1 (S.D.N.Y. Feb. 6, 2006), citing *Jones v. Nat'l Distillers*, 56 F. Supp. 2d 355, 359 (S.D.N.Y. 1999).  A *cy pres* donation is appropriate, where, as here, "residual class funds remain after class members were provided with an opportunity to deposit and claim their distribution."  *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) (citing *Plotz*, 2006 WL 298427, at *1).

### B. The Urban Justice Center's Community Development Project Is an Appropriate Designee under the Cy Pres Doctrine

Under the *cy pres* doctrine, unused settlement funds must be distributed for a purpose as near as possible to the objectives underlying the lawsuit, the interest of the class members, and those similarly situated.  *In re Holocaust Victims Assets Litig.*, 424 F.3d 132, 141 n. 10 (2d Cir. 2005); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2011 WL 7051093, at *1 (W.D.N.Y. Dec. 15, 2011) (same); *see also Plotz*, 2006 WL 298427, at *1; *Schwab v. Philip Morris USA, Inc.*, 04 Civ. 1945, 2005 WL 3032556 (E.D.N.Y. Nov. 14, 2005).  "[T]he best application of unused settlement funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit."  *Reyes*, 2010 WL 2545859, at *1; *see also Fears v. Wilhelmina Model Agency, Inc.*, 02 Civ. 4911, 2005 WL 1041134, at *10-11 (S.D.N.Y. May 5, 2005), *vacated on other grounds sub nom., Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d

3

423 (2d Cir. 2007), *aff'd on cy pres application*, 04 Civ. 2195, 2007 WL 1944343, at *10-11 (S.D.N.Y. July 05, 2007); ("[U]se of funds for purposes closely related to their origin is . . . the best *cy pres* application.").

The CDP is an appropriate designee under the *cy pres* doctrine, because their advocacy work on behalf of workers, which includes the litigation of wage and hour claims on behalf of restaurant workers, is closely related to the purpose of this lawsuit. *See In re Publ'n Paper Antitrust Litig.*, Nos. 04 MD 1631, 05 Civ. 1267; 05 Civ. 1339, 05 Civ. 1358, 05 Civ. 1381, 2009 WL 2351724, at *2 (D. Conn. July 30, 2009) ("Because the plaintiffs' claims here are based on antitrust injury, the next best use for the settlement funds is to disburse those funds to charitable institutions designed to guard against antitrust injury and protect consumers."); *Plotz*, 2006 WL 298427, at *2 (designation of workers-rights organizations as *cy pres* beneficiaries in wage and hour class action was proper and appropriate because organizations' missions were aligned and closely related to the objectives underlying the litigation); *see also Nachsin v. AOL, LLC*, 663 F.3d 1034, 1041 (9th Cir. 2011) (in a case brought by internet users arising from "purportedly unlawful advertising campaign that exploited users' outgoing e-mail messages," appropriate *cy pres* beneficiaries would be "non-profit organizations that work to protect internet users from fraud, predation, and other forms of online malfeasance.").

### C. Plaintiffs' Selection of the *Cy Pres* Designee Is Entitled to Deference

Because the mission of the CDP is closely aligned with the legitimate objectives of the lawsuit and the interests of class members, Plaintiffs' selection of them as *cy pres* recipients is appropriate and entitled to deference. *See Plotz*, 2006 WL 298427, at *2 ("The distribution preference of class counsel should be entitled to deference when it is the only entity with a meaningful and equitable interest in the remaining funds, especially where the designated

recipient is a legitimate and appropriate organization."); *see also Stefaniak*, 2011 WL 7051093, at *1 ("A plaintiff's selection of a *cy pres* recipient is entitled to deference because only the plaintiffs and their counsel can determine the objectives of their own lawsuit what is in the interest of the class they represent."); *Reyes*, 2010 WL 2545859, at *1 ("Class Counsel is in the best position to determine the purpose of the lawsuit and to select organizations whose purposes are consistent with it.").

Defendants may argue that the designation of the CDP poses a conflict of interest because the project somehow benefits Class Counsel. This argument is without merit because the beneficiaries of CDP's advocacy efforts are workers themselves, including workers like the class members in this case, not counsel. It is precisely because CDP's mission and the underlying objectives of this lawsuit are both directed toward protecting the rights of low-wage workers, and therefore closely aligned with one another, that CDP is an appropriate *cy pres* designee. *See Reyes*, 2010 WL 2545859, at *1; *Plotz*, 2006 WL 298427, at *2.

In fact, if lawyers like Class Counsel, who represent workers in FLSA and NYLL cases, benefit indirectly from CDP's advocacy, this supports approving CDP as a *cy pres* designee because private lawyers, acting as "private attorneys general," are an important part of the wage and hour enforcement scheme. If private lawyers did not "fill the private attorney general role[,] . . . wage and hour abuses would go without remedy . . . ." *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010).

In any event, there is no conflict. Although Class Counsel occasionally provide *pro bono* legal services to CDP, Swartz Decl. ¶ 11, they provide pro bono services to many other non-profits as well. Moreover, numerous other law firms including Gibson, Dunn & Crutcher LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; and Skadden, Arps, Slate, Meagher & Flom

LLP also provide *pro bono* services to CDP. Swartz Decl. ¶ 12; Ex. C. That these firms choose to spend their *pro bono* resources supporting CDP supports corroborates Class Counsel's view that CDP is a worthy charity and an appropriate and legitimate *cy pres* beneficiary in this case.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court order the distribution of the $7,541.48 to the CDP as the *cy pres* designee.


Dated:      December 11, 2012
            New York, New York

                                        Respectfully submitted,

                                        **OUTTEN & GOLDEN LLP**
                                        By:

                                        /s/ Justin M. Swartz
                                        Justin M. Swartz

                                        **OUTTEN & GOLDEN LLP**
                                        Justin M. Swartz
                                        Rachel Bien
                                        Deirdre Aaron
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone:  (212) 245-1000

                                        ***Attorneys for Plaintiffs and the Class***

6